Okay, Mr. DeHacklis. Good morning, Your Honor. Okay. Good morning. May it please the Court. On behalf of Mr. Vickous, I want to thank this Court for the opportunity to present his appeal. With this appeal, we ask the Court to find that the Veterans Court committed two errors when it determined that his claim did not reasonably raise a rating for his hearing loss disability under 38 U.S.C. 3.321B. Importantly, this is not, as the government and the Veterans Court has framed the issue, an issue with an entitlement to a rating under this regulation. It urges this Court to recognize that the Veterans Court, by requiring that he identify something exceptional about his disability, overstepped the question presented, which was whether the Board was required to discuss a potentially applicable rating under 3.321B. Just last week, this Court reiterated in Thomas v. McDonough that 7104D requires that the Board, quote, must address in its written statement all regulations that are made potentially applicable through the assertions and issues raised in the record. This is Mr. Vickous' argument. So you don't like the Thune case in the Veterans Court, right? You think that the standard that it applied for extra schedule ratings is incorrect. Am I understanding what you're saying correctly? No, Your Honor. We are not asking to assess the standard for an extra schedule rating or even for a referral for an extra schedule rating. What this case is about is that the Veterans Court applied the merits of whether to refer an extra schedule rating to whether the record reasonably raises an entitlement. And again, as Thomas re-emphasized, that if a regulation is made potentially applicable, then the Board has the obligation to address it. Here, the Board never mentions the regulation once and never discusses anything about extra schedule ratings. The Veterans Court's primary error is that it applied the rulings in Thune and Long when it should have applied the rulings in Beringer. Beringer, the Veterans Court, which ruled in Bonk, emphasized, and I'm quoting here on page 246 of that decision, because we are assessing whether the potential applicability of 3.321B was reasonably raised by the facts in this case and not whether referral actually is warranted, we need not conduct the Thune analysis. And what the Veterans Court did here is that it applied the Thune analysis, the elements of Thune, the elements in Long, which are basically the same, to whether the regulation was made potentially applicable, thus triggering the Board's obligation under 7104D to discuss it. The standard... Do you agree that the Thune standard is the correct standard? I have some problems with some parts of Thune, Your Honor, but I think that for the purposes of this appeal, it's not before the court. But I do think that some of the terminology in Thune is a little problematic. As we discussed in our briefing here, Thune focuses on symptoms when it should be focusing on impairment, functional impairment, and disability. But again, the issue here is not whether Thune is the standard to refer it, but whether the regulation was made potentially applicable, again, in the words of Thomas, because of the nature of the facts of his case and the record before the Board. You're not suggesting that the question of potential applicability doesn't require consideration of the actual standard for the, I guess, 3.321. How could it not? Something that's potentially applicable does depend on what the meaning of that something is. There's two parts to the regulation, Your Honor. And I actually am suggesting that the second part of the regulation does not, may touch on whether it's made potentially applicable. When you look at the regulation, it says, disability ratings shall be based upon their status. To accord justice to the exceptional case where the scheduler evaluation is inadequate to rate a service-connected disability, the Director of Compensation is authorized to approve an extra scheduler rating. Then it goes into what does that look like? This second part is what the Director of Compensation, this is the Thune test. The Director of Compensation is applying the second part of that regulation. After one, it's been either explicitly raised by the veteran or reasonably raised and made potentially applicable by the facts of the case. And then the Board or the RO refers it to the Director. So we don't even get to Thune or the long test until it's been referred to the Director. I'm sorry. How is, in your view, the Board supposed to determine whether this is potentially applicable? Well, very great question, Your Honor. And that really gets to the heart of our disagreement with how the Court treated Mr. Vickas. The key words that we think the Court ought to focus on is, starting with, to accord justice where the scheduler evaluation is inadequate to rate a service-connected disability. That's the key language. That's what potentially triggers or makes potentially applicable this regulation to a rating disability. And this case, I think, and I know that the Court is not really looking at the facts as applied or the specifics of whether it is, but when you have some of the factors that we think should be considered, or when, like here, he has disability. The Board, the Court, even the government, we all agree that he has a disability, a functional impairment that limits him at work and in his normal life. The Board made that finding on page 14. That's enough for a referral? Well, no, Your Honor. It's enough to raise the potential applicability. And it's a very fine distinction, but one that, as Thomas reiterated... So clearly that it's perhaps non-existent. I think it is. I think, Your Honor, that the importance of the distinction is that the Board has to make these determinations first. What determinations? Whether the referral is appropriate. Whether 3.321 applies, but... It has nothing to do with whether an extra scheduler rating is appropriate? You're saying any time there's a disability, you have to refer it to see if there's an extra scheduler rating? No, Your Honor. I'm saying that when the regulation is made potentially applicable, as we believe it is in this case, but whether it is or not is not before the Court here. What's before the Court here is the legal standard that the Veterans Court applied to find that it was not... I'm baffled. I don't understand what the Board or RA was supposed to be determining in connection with a referral. What were they supposed to decide? So the referral is based in part on the food analysis and the exceptional nature of the disability. We don't dispute that here in this case. What this case is about is that the Board never made that determination. And the Veterans Court, when it said that the Board was correct in not addressing the exceptional standard by requiring Mr. Vickus to prove up that he should have been referred. And the standard again is that the scheduler evaluation is inadequate to rate a single service-connected disability. So when the evidence suggests or indicates, as we outlined in our brief, as even Thune discusses, Berenger uses the same language, indicate or suggest that the scheduler evaluation is inadequate, 3.321 becomes potentially applicable. And again, as this Court re-emphasized last week in Thomas, the Board, not the Court, the Board has the obligation to tell Mr. Vickus whether they will or will not refer his case to the director for an extra scheduler evaluation. The government, in its brief, so pointing to the government's brief on page 18, its header there says that the Veterans Court properly determined that Mr. Vickus' hearing loss did not merit referral for an extra scheduler evaluation. This is the crux of our argument. The Veterans Court was focused on whether a referral was warranted or whether the Board was required to tell him first that the referral was or was not warranted. The Veterans Court reviews decisions of the Board. It does not do, it cannot make determinations in the first instance, and whether a specific issue or the potential applicability of a regulation is warranted is the only question that was before the Veterans Court, and not whether a referral should have been made or not. Can I, can I ask you where in your brief, opening brief to the Veterans Court, did you present the argument you're now making that this potentially applicable standard is, and that is based on this indicated or suggest or something where you defined a standard that is different from, let's take a look at whether you're, whatever the Veterans Court did, kind of in the ballpark of the actual standard for an extra scheduler. Yes, Your Honor. Thank you. And I do apologize. Like counsel before me, I'm used to having the table next to me, so I'm having to hold my, so starting on page 56 of the appendix, second paragraph, or the bottom paragraph, it is well settled that the Board decision consider all relevant evidence and discuss all potentially applicable laws and regulations. He cites to Majeed and Shafrath, and I would point out that Thomas relied heavily upon the ruling in Shafrath. Then the next paragraph. The question is getting beyond this phrase, potentially applicable. I think you're suggesting there's a legal error in the Veterans Court for giving that phrase too high, too demanding a meaning. Exactly, Your Honor. That's exactly. What is the meaning that you told the Veterans Court it should have applied, or should apply? It's Shafrath, which is the law which was binding. It's also Behringer, which he didn't cite to Behringer in this, in his briefing, but it's the same standard. Behringer also cites to Shafrath. And it is that when the record, when the record, when the potential applicability of a regulation is raised by the facts of the case or the record, the Board has the obligation. Well, let's just, maybe we're talking past each other. I hear those words. Facts and record make it potentially applicable as essentially contentless until you define it. So repeating the words doesn't help. I see, Your Honor. So what the veteran argued to the Veterans Court, what the appellant argued, page 58 of the appendix, he raises again that his hearing, his hearing of the hearing, creates an impairment in the ability to carry out activities of daily living, as well as work activities. And then he, the next paragraph, when the rating criteria do not otherwise discuss, let alone account for these effects, the issue of referral for extraschedular rating is raised. And so here what he's arguing is what we're arguing here is that going back to the regulation again, when the scheduler evaluation is inadequate to rate the disability, then it's been reasonably raised, the regulation is made potentially applicable. Okay, but you're supposed to determine potential applicability. The Veterans Court says it's not potentially applicable because he never argued that there were different symptoms, which is a requirement under Thun. So what's the matter with that? The problem with that again, Your Honor, is that that goes to whether referral should have been granted. But you are arguing for a potentially applicable standard. Under that standard, the Veterans Court is saying it's not potentially applicable because there's no argument that the symptoms are any different than in the schedule. Well, but as we pointed to the appendix, those three pages, 56, 58, the veteran pointed to those specific impairments where the rating schedule gives a 0% rating. He has impairment in work. As I briefly as I understand the argument, that seems to be quarreling with Thun. If you accept Thun, Thun says you've got to show two things, one of which is different symptoms than in the rating schedule. The Veterans Court here said you hadn't shown that. Therefore, there's no potential applicability, is there? If that standard would require, would apply to potential applicability, Your Honor, then we would argue that Thun is incorrect because ratings are based on disability. The regulation talks about where the rating of the disability is inadequate, not the symptoms. You can have symptoms that do not cause a disability, as Saunders pointed out quite eloquently, saying that pain alone is not necessarily a disability until it causes a functional effect. That's really the thrust of our argument. I'm over my time, Your Honor. Okay, we'll give you two minutes. Mr. Pierce. Thank you, Your Honors, and may it please the Court. This Court should affirm the Veterans Court's position on the issue of referral of Mr. Vickus' bilevel hearing loss for an extra-scheduler evaluation. The Veterans Court applied the correct standard in determining whether the record reasonably raises an issue for extra-scheduler referral, and the Veterans Court additionally does so, applying the standard that Mr. Vickus had argued in his opening brief before the Veterans Court. To the extent that Mr. Vickus now asks this Court to apply a different standard, Mr. Vickus has forfeited the argument. Even if this Court gets to the merits of that argument, Your Honor, however, there is no basis in this Court's case law for the standard that Mr. Vickus is asking this Court to adopt. Mr. Vickus during his argument just now referenced whether the record reasonably raises entitlement. The standard is not whether the record reasonably raises entitlement, but whether the record reasonably raises that the rating criteria are adequate. That standard comes from Section 3.321, which specifically discusses whether a rating schedule is inadequate, and that makes sense. If a rating schedule is adequate, then there's no assessment that the rating schedule is inadequate for referral for an extra-scheduler rating. This standard is applied in a number of cases. The Veterans Court cited to Yancey. Mr. Vickus, in his opening brief, also cited to Yancey. Mr. Vickus. What do you think the difference is between the reasonably raises the question of adequacy of the schedule and the thing you were saying is different, reasonably raises entitlement? Right. The entitlement standard is. Entitlement to what? I was quoting what Mr. Vickus' counsel had just mentioned. And as they phrased it in the brief, whether the disability is more disabling than the rating assigned. That was the argument in Mr. Vickus' briefs before this Court. Effectively, what Mr. Vickus seems to be asking this Court to argue is if the record suggests that a Veteran may be entitled to a higher rating, then extra-scheduler referral would be appropriate. However, in that context, extra-scheduler referral would become more the norm than the exception. For example, if the rating schedule implied that it would be 0 percent and there may be a 10 percent possibility, extra-scheduler referral under the standard Mr. Vickus is asking this Court to adopt would be appropriate. It would apply even beyond noncompensable ratings. If it was 20 percent, but there may be a possibility that the record suggests a higher rating, then again, extra-scheduler referral under Mr. Vickus' standard would be adopted. That is not, that is not what this Court, that is not the case, though, that the Veterans Court was applying at the time. This simply, throughout Doucette, collects cases as well. The standard is simply whether the record reasonably raises the issue to suggest that the ratings schedule is adequate or inadequate. And the Board, in this case, specifically determined that the ratings schedule was adequate. The Board specifically held that the hearing loss was adequately contemplated by the hearings schedule, and the Board also specifically said that the effects of Mr. Vickus' hearing loss was adequately contemplated by the schedule. A lot of this case comes down to a January 2018 examiner's remark in which the examiner for the hearing test that had his daily activities and work that required good to exceptional oral communication. That standard, that comment, the Board addressed, and the Board found that that was contemplated by the hearings schedule, by the ratings schedule. And that makes sense, because when the Board, the ratings schedule relates to the symptom of hearing loss, it accords for the fact that when one has hearing loss, one has difficulty hearing. That was the argument that Mr. Vickus was making in his opening brief before the Veterans Court. Mr. Vickus was arguing, though Ducette foreclosed that argument, that the contemplated hearing of the veteran that the examiner had noted, the difficulty hearing, was not within the ratings schedule. The ratings schedule did not adequately capture this. The Board indicated that it was. And then Mr. Vickus, through a new counsel and his motion for reconsideration before the Veterans Court, began having this argument that a different standard should be applied. Mr. Vickus has no support for why the new standard should be applied, and the facts would be pretty broad were it to be applied. In terms of the forfeiture arguments, Your Honor, we would say that even if this were to be applied, it would be an exceptional argument. That would have a broad effect, and it was not briefed before the Veterans Court in its opening brief. It would not have had full consideration. In addition, Mr. Vickus' argument would also potentially have the effect of calling into question. Whenever a non-compensable rating is issued, his arguments in his reply brief before this Court indicate that Section 1110 should be read such that if the record even suggests that someone who has a service-connected debility that's not compensable may be entitled to a 10% rating, then extra scheduler evaluation should be referred. That is, again, that is not the standard. And so to the extent... I guess what I'm sitting here thinking is that, just tell me if I'm thinking about this wrong, that your point about the potential broad consequences has something to do with the idea that the ratings in the schedule are about averages. And by definition, you're going to have a whole lot of people who are on one side or the other, particularly on the above side of the average. And if the standard for the extra scheduler rating was that the number in the particular percentage in the schedule is too low, everybody above that average would have a claim. Yes, Your Honor. Thank you. And I'd also note, Your Honors, that in Mr. Vickas' opening brief, he alleged that the Veterans Court had erred with respect to an issue of fact-finding. In the government's response brief, they referred to an umbrella heading with regard to whether the Veterans Court properly determined that Mr. Vickas' hearing loss did not merit referral for an extra scheduler rating. The government notes that in the first subheading to that argument, it's the issue that we're addressing now, whether the Veterans Court used the correct standard when it held that the record before the Board did not reasonably raise entitlement to an extra scheduler rating. That is the issue. The Veterans Court did properly apply the standard. The Veterans Court applied the standard in Yancey. Mr. Vickas argued in his opening brief before the Veterans Court that Yancey was appropriate. The standard is whether the record reasonably suggests that the rating criteria is inadequate. The Board here specifically determined that the rating criteria was adequate. And therefore, the Veterans Court properly applied the standard. If your if your honors have no additional questions. Okay. Thank you, Mr. Pierce. Mr. Hawkins, you've got a couple minutes. Thank you, Your Honor. Judge Toronto, to your point about the averages, we're not suggesting that everybody who's above the average is entitled to an extra scheduler rating. What we're arguing is that everybody whose disability exceeds the scheduler is entitled at least to a determination from the Board. Even though they haven't satisfied the symptom requirement of Thun? Yes, Your Honor. We think the rule should be that the Thun analysis is applied when determining whether to refer. And whether the regulation is made potentially applicable. We're suggesting the first part of the Thun analysis is to be ignored in determining whether to refer. Not to refer, Your Honor. Just if it's been made potentially applicable to whether the Board has to discuss it. Once it's triggered its obligation to discuss it under 7104D as interpreted by Thomas, then the Board goes into the Thun analysis, which is currently binding law, which is the case law, which is precedent. And then they determine whether the referral is appropriate. Here, Mr. Vickas never received that determination from the Board. And the court, the Veterans Court, instead of looking at whether his disability exceeded the rating, looked at whether he was entitled to a referral. And we think that that is too narrow of a standard. It does not conform with Barringer, which is in bonk of the Veterans Court, which binds them. Thomas and even Bean, which was decided last year, which talks about the Board's obligations under 7104A and D to discuss potentially applicable laws and regulations. And again, just to emphasize, we are just asking that every Veteran or asserting that every Veteran is entitled to a decision from the Board that follows 7104D as interpreted by Thomas and not to have to prove referral. So in closing, we would ask that the court find that the Board, the court, apply the wrong rule of law, vacate the decision, and remand it to correctly apply the law. Thank you.